IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> GLENN E. WALTZ PLUMBING & HEATING, INC., ) <br> ) <br> Defendant/Counter-Plaintiff. ) <br> _____ ) | C.A. No. WMN-01-2738 |

**JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER**

In accordance with the Discovery Guidelines for this Court, Plaintiff and Counter-Defendant, Great American Insurance Company ("Great American") and Defendant and Counter-Plaintiff, Glenn E. Waltz Plumbing & Heating, Inc. ("Glenn E. Waltz"), by their undersigned counsel, jointly move the Court, pursuant to the agreement of counsel, to extend the time of all future dates in the court's current Scheduling Order to allow Great American to make its Rule 26 Expert designation by February 25, 2002; to allow Defendant and Counter Plaintiff Waltz to do so by March 8, 2002; and to extend all remaining dates in the Scheduling Order by thirty calendar days. This is to allow time for production of subpoenaed documents by a third party, Jacobs Facilities, Inc., an agent of the Montgomery County Board of Education.

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER**

The parties state as follows:

1. This action arose on the on-going construction project to renovate the Bethesda/Chevy Chase High School in Bethesda, Maryland ("BCC Project"). The parties request

___FILED ___ENTERED
___LOGGED ___RECEIVED

JAN 1 8 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                        DEPUTY

"___GRANTED___" THIS 17th DAY
OF _January_, 20 02
_____
UNITED STATES DISTRICT JUDGE

an enlargement of the future dates in the Court's current Scheduling Order in this case because subpoenaed records of that project cannot be made available until early to mid-February, 2002.

2. This Motion is the result of an agreement made in response to a Motion to Compel served by Great American and resolved through discussions among counsel for the parties and counsel for the Montgomery County Board of Education, whose agent, Jacobs Facilities, Inc., is in possession of the subpoenaed records.

3. Great American issued a document subpoena for requested records of the construction project and served it upon Jacobs Facilities, Inc., construction manager for the BCC Project and an agent of the Montgomery County Board of Education. Great American also served a Motion to Compel the subpoenaed documents in accordance with Local Rule 104.

4. On January 7, 2002, counsel for the Montgomery County Board of Education contacted Great American's counsel and asked Great American to defer production of the documents until after February 1, 2002. The construction project is on-going on an accelerated basis in an effort to make the project available to students by February 1, 2002. According to counsel for the Montgomery County Board of Education, production of the subpoenaed records prior to February 1 will halt that construction effort and delay completion of the work.

5. Counsel for Great American and the Montgomery County Board of Education have agreed that Jacobs Facilities, Inc. will produce the subpoenaed records at a mutually convenient time between February 1 and February 15, 2002, at Jacobs Facilities' offices in Bethesda, Maryland and will make an effort to resolve by agreement any objections as to the scope of the request prior to bringing them to the attention of the Court.

6.  The current Scheduling Order in this case requires Great American to make its expert witness designation on or before January 25, 2002. In order to allow the parties to make arrangements for completion of document discovery, the parties request that that date and all future dates in the Court's current Scheduling Order be extended as follows:

a.  Plaintiff's Great American's Rule 26 Expert Designation    February 25, 2002

b.  Defendant Waltz' Rule 26 Expert Designation    March 8, 2002

c.  Extending by 30 calendar days all other dates in the Scheduling Order

7.  Great American reserves the right to file a Motion to Compel production of the subpoenaed documents in the event the Court denies this joint motion.

Respectfully Submitted:

/s/ Daniel J. Donohue
Daniel J. Donohue, Esquire
Federal Bar No. 26575
Edward G. Gallagher, Esquire
Federal Bar No. 02861
Wickwire Gavin, P. C.
8100 Boone Boulevard, Suite 700
Vienna, VA  22182
Tel. 703-790-8750
<u>Attorneys for Plaintiff/Counter-Defendant</u>
<u>Great American Insurance Company</u>

William R. Levasseur
by Daniel Donohue, per agreement of counsel
William R. Levasseur, Jr., Esquire
Martin & Levasseur
22 W. Pennsylvania Ave., Ste. 602
Towson, MD 21204
(410) 321-0400
<u>Attorney for Defendant/Counter-Plaintiff</u>
<u>Glenn E. Waltz Plumbing & Heating, Inc.</u>

3

## CERTIFICATE OF SERVICE

I hereby certify that on the ___15th___ day of January, 2002, a true and correct copy of the above Joint Motion For Modification of Scheduling Order was forwarded via U.S. mail, postage prepaid, to:

        William R. Levasseur, Jr., Esquire
        Martin & Levasseur
        22 W. Pennsylvania Ave., Ste. 602
        Towson, MD 21204
        (410) 321-0400
        Attorney for Defendant/Counter-Plaintiff

        Roger W. Titus, Esquire
        Venable, Baetjer & Howard, LLP
        One Church Street, Suite 500
        P.O. Box 1906
        Rockville, Maryland 20850-4129
        Attorney for Montgomery County Board of Education

        _____
        Daniel J. Donohue, Esquire

G:\CLIENTS\07\070192\006\Waltz v Great American\Joint Mot for Enlargement of All Future Dates 03.wpd